**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SACV 11-1047-DOC(MLGx)                      Date: January 12, 2012
Title: RICHARD B. HOLT -V- WOLFGANG KORMANN, ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Julie Barrera</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

<u>NONE PRESENT                               NONE PRESENT</u>

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING MOTION TO STRIKE AS MOOT

      Before the Court is (1) Defendants' Wolfgang Kormann and Kormann Rockster Recycler, GmbH ("KRR") (collectively, "Defendants") Motion to Dismiss the First and Third Causes of Action of Plaintiff's First Amended Complaint ("FAC") (Dkt. 25) and (2) Defendants' Motion to Strike Plaintiff's Claim for Punitive Damages and Request for Attorney's Fees (Dkt. 26). The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the matters are REMOVED from the Court's January 23, 2012 calendar.

      After considering the moving, opposing and reply papers, and for the reasons stated below, the Court hereby GRANTS the Motions to Dismiss. The Motion to Strike is DENIED as moot.

      **I.     BACKGROUND**

      Richard B. Holt ("Plaintiff") alleges that, on or about September 23, 2009, Stephane Guerchon ("Guerchon"), acting as principal, officer, and/or manager of the North American territory for Kormann Rockster Recycler ("KRR") negotiated the sale of a Rockster concrete crusher with Plaintiff. (FAC ¶¶ 8-10.) In urging Plaintiff to sign a purchase order and transfer a required deposit for a used concrete crusher, Guerchon allegedly made several untrue representations, including a representation that a demo unit was available for sale and fit for use. (*Id.* ¶ 11.) The next day, Plaintiff allegedly entered into a written purchase order agreement for a Rockster R1100 demo unit ("demo unit") with Defendants based on the belief that Guerchon was KRR's manager for North America, as

represented by Kormann. *(Id*. ¶¶ 12-13.) The demo unit was allegedly a large concrete crushing machine used for recycling broken concrete and required a 10% deposit of €35,237, which is equivalent to $52,200 (the "deposit"). (*Id*. ¶ 14.)

On or about October 1, 2009, Plaintiff allegedly wire transferred the deposit for the demo unit to KRR's bank account. (*Id*. ¶ 15.) The next day, Guerchon allegedly made statements which caused Plaintiff to believe that the demo unit described on the original purchase order was unavailable for sale and not fit for use. (*Id*. ¶ 17.) Specifically, Guerchon allegedly informed Plaintiff that the demo unit was not what Plaintiff wanted, that KRR could not guarantee the demo unit's condition, and that the demo unit was not fit for use. (*Id*. ¶ 16.) Guerchon also allegedly told Plaintiff that the demo unit was not in his best interest and that he should instead purchase a more expensive unit. (*Id.*)

Around October 16, 2009, Plaintiff, via email, allegedly requested a return of the deposit. (*Id*. ¶ 18.) That same day, Wolfgang Kormann ("Kormann"), acting as a chief officer, principal, and/or manager of KRR, allegedly denied Plaintiff's request and fraudulently stated that a new unordered machine had been assembled and was specially made for the U.S. market. (*Id*. ¶ 19.) Plaintiff claims that he did not agree to or sign any contract or purchase order for a new R1100 unit customized for the U.S. market and that Defendants continue to retain possession of Plaintiff's deposit. (*Id*. ¶ 20.)

Defendants filed previously a motion to dismiss Plaintiff's complaint, which the Court granted in part and denied in part (Dkt. 19). Plaintiff filed his FAC on October 21, 2011, asserting claims for (1) intentional misrepresentation, (2) common count – money had and received, and (3) negligent misrepresentation. Defendants move to dismiss the first and third claims, as well as the request for punitive damages and attorney's fees.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the court to draw on its

judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

### B. Rule 9(b)

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff "must set forth more than the neutral facts necessary to identify the transaction." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. *Id.*

## III. DISCUSSION

### A. Requests for Judicial Notice

As an initial matter, the Court declines to take judicial notice of the emails contained in Exhibit 1 of Defendants' request for judicial notice. While the address information on the email from KRR to Guerchon is visible, it is unclear to whom the email was forwarded, and it cannot be assumed from context that this email references an order, or intended cancellation thereof, by Plaintiff.

The Court otherwise grants Defendants' request for judicial notice and grants Plaintiff's request for judicial notice.

### B. Intentional Misrepresentation

Under California law, in order to show a cause of action for intentional misrepresentation, a pleading must allege: (1) false representation, concealment or nondisclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damage resulting from the conduct. *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007).

In the Court's earlier order granting in part and denying in part Defendants' motion to dismiss Plaintiff's complaint, the Court noted that Plaintiff's allegations of fraud did not comport with Rule 9(b) because they did not make any distinction between the Defendants. (Dkt. 19 at 4.) The Court also warned Plaintiff that conclusory allegations of fraud are insufficient. (*Id.*) Specifically, the complaint was deficient because it failed to provide facts about the alleged untrue representations under oath, or alleged false documents attached to contracts. (*Id.*)

As to the first element of an intentional misrepresentation claim, the FAC alleges "several untrue representations," specifically, "a representation that a demo unit with 180 hours was available for sale and/or was fit for use." (FAC ¶ 11.) This representation was allegedly made by Guerchon, acting as principal or officer of the North American territory for KRR. (*Id.*) The FAC also alleges that when Plaintiff asked for his deposit back, Defendant Kormann falsely stated that a new machine made especially for the U.S. market had already been assembled for Plaintiff. (*Id.* ¶ 19.) Although the FAC does not contain allegations explaining the chain of communication, this message was apparently passed on from Kormann to Guerchon to Plaintiff. (Opp'n at 4.) Other false statements include the fact that Plaintiff incurred a cancellation fee and that Plaintiff was bound by the unsigned purchase order for the new machine. (*Id.* ¶ 25.) Plaintiff also sufficiently alleges that Defendants knew these statements were false where he alleges that Defendants knew the used demo unit was never actually available, and that Defendants knew that Plaintiff never signed a purchase order for the custom-built machine.

The Court finds the factual allegations regarding false statements in the FAC sufficient to meet Rule 9(b). However, some of the false representations alleged in the FAC were all allegedly made, or passed along by, Guerchon, who is *not* a Defendant. Plaintiff explains this anomaly in his opposition by linking Guerchon to KRR based on KRR's alleged operation in the U.S. Plaintiff contends that KRR opened a new distribution network in North America, Rockster North America ("RNA"), and that KRR and RNA are essentially one in the same entity for purposes of the transaction alleged by Plaintiff. The fact that Plaintiff may be trying to proceed on an agency or alter ego theory whereby KRR and Kormann are held liable for false statements made by Guerchon does not absolve Plaintiff of Rule 9(b)'s requirement to plead this relationship with particularity. Asserting that Guerchon is a principal or officer of KRR is a legal conclusion. (FAC ¶ 10.) *See Buchanan v. Neighbors Van Lines*, No. CV 10-6206 PSG (RCx), 2010 WL 4916644, at *3 (C.D. Cal. Nov. 29, 2010) (dismissing claim where plaintiff failed to plead elements of agency relationship, including: "(1) that the agent or apparent agent holds power to alter legal relations between [the] principal and third persons and between [the] principal and himself; (2) that the agent is a fiduciary with respect to matters within [the] scope of [the] agency; and (3) that the principal has right to control [the] conduct of [the] agent with respect to matters entrusted to him.").

If Guerchon was acting as KRR's agent, it is possible that KRR may be held liable for Guerchon's fraudulent statements under the doctrine of imputed knowledge, *see Chang Bee Yang v. Sun Trust Mortg., Inc.*, No. 1:10–cv–01541–AWI–SKO, 2011 WL 6749076, at *6 (E.D. Cal. Dec. 22, 2011), but the FAC fails to raise allegations supporting such a theory, let alone plead them with particularity. Indeed, the first time Plaintiff raises this explanation is in opposition to the present motion. Because the Court finds Plaintiff's allegations deficient with respect to each Defendant's role, including whether a principal/agency relationship was present, Defendants' motion is granted as to this claim. However, based on the factual allegations raised in Plaintiff's opposition, the Court believes Plaintiff can cure this problem through amendment. Accordingly, this claim is dismissed without prejudice and Plaintiff is granted fourteen (14) days leave to amend.

As to the remaining elements of fraud, the Court finds Plaintiff's allegations sufficient. Plaintiff alleges that these statements were made to induce him to either purchase the new machine or forego his deposit, which is sufficient to allege intent to defraud. (*Id.* ¶ 26.)

While Defendants make much of the fact that Plaintiff could not have justifiably relied on the allegedly false statements because Plaintiff claims he *knew* he did not purchase the custom-made machine, this argument approaches the reliance requirement too narrowly. Plaintiff alleges that he relied to his detriment on the false statements in that he postponed the purchase of a different rock crusher due to KRR's withholding of the deposit. (FAC ¶ 28.) Even if Plaintiff believed he was not liable for purchasing the custom-built machine, the fact that he postponed another purchase after Defendants made the allegedly false statements showed that Plaintiff relied to his detriment on the fear that he would somehow be bound to purchase the new machine, or at the very least be deprived of his deposit. Plaintiff adequately alleges damages in the form of his lost deposit and the fact that he could not purchase an alternate crushing machine. (*Id.* ¶ 29.)

### B. Negligent Misrepresentation

Claims for negligent misrepresentation must also meet Rule 9(b)'s heightened pleading requirements. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). Because Plaintiff's negligent misrepresentation claim similarly relies on the relationship between Defendants and Guerchon, including alleged communications sent by Kormann to Plaintiff through Guerchon as an intermediary, this claim is also deficient for the reasons identified above.

Because the Court has already granted Plaintiff leave to amend once before, this will be Plaintiff's last chance to correct the Rule 9(b) deficiencies identified herein. The Court cautions Plaintiff to plead with particularity which Defendant made which false statements, including if those statements were passed along from one Defendant to Plaintiff through non-party Guerchon, as well as to explain the relationship of the parties accused of fraud with particularity. Legal conclusions will not suffice. Plaintiff is further cautioned to include all factual allegations in his Second Amended Complaint. Factual allegations raised in future opposition to any subsequent motion to dismiss filed by

Defendants will be disregarded.

### C. Punitive Damages and Attorney's Fees

Defendants also move to dismiss Plaintiff's request for punitive damages and attorney's fees.

Because Plaintiff fails to allege facts supporting an inference that Defendants engaged in malice, fraud, or oppression, Plaintiff's request for punitive damages is dismissed. *See Kelley v. Corr. Corp. Of Am.*, 750 F. Supp. 2d 1132, 1146-48 (E.D. Cal. 2010). Because the Court grants Plaintiff leave to amend his fraud-based claim, leave to amend the punitive damages request is also given. However, Plaintiff fails to cite authority which would allow the Court to grant him attorney's fees on a fraud or common count claim. Accordingly, Defendant's motion is granted as to Plaintiff's request for attorney's fees. Because the Court sees no basis for such an award on the present claims, this request is dismissed with prejudice.

Based on the foregoing disposition of Defendants' motion to dismiss as it relates to Plaintiff's requested forms of relief, Defendants' motion to strike those requests for relief is DENIED AS MOOT.

### VI. DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Dismiss. Plaintiff's claims for intentional representation and negligent representation are dismissed without prejudice. Plaintiff's request for punitive damages is also dismissed without prejudice. Plaintiff is granted fourteen (14) days leave to amend. Plaintiff's request for attorney's fees is dismissed with prejudice. Defendants' Motion to Strike is DENIED AS MOOT.

The Clerk shall serve this minute order on all parties to the action.