UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)                          Date:  June 12, 2012

Title: RICHARD B. HOLT V. WOLFGANG KORMANN ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                    None Present

**PROCEEDINGS: (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Before the Court is the third Motion to Dismiss (the "Motion") filed by individual Defendant Wolfgang Kormann and Defendant Kormann Rockster Recycler (collectively "Defendants"). Mot. Dismiss (Dkt. 43). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After reviewing the motion, opposition, and reply, the Court hereby DENIES IN PART and GRANTS IN PART Defendants' Motion.

**I.      Background**

The gravamen of Plaintiff Richard B. Holt's ("Plaintiff") complaint is that Defendants, through their non-party agent, Stephane Guerchon (the "Purported Agent"), fraudulently made representations that caused Plaintiff to transfer a deposit sum to Defendants via the Purported Agent for a product that was not actually available for sale. Plaintiff also alleges that Defendants fraudulently stated that Plaintiff had entered into a second contract for a more expensive product. Individual Defendant Wolfgang Kormann ("Defendant Kormann") is the CEO of Defendant Kormann Rockster Recycler ("Defendant KRR"), while Guerchon is the President of Rockstar North America, allegedly Defendant KRR's North American distributer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)            Date: June 8, 2012
                                                                                                                       Page 2

### A. Transactions Between Plaintiff and Defendants

Plaintiff alleges that on September 23, 2009, the Purported Agent Guerchon told Plaintiff that Guerchon worked for and handled North American sales for Defendant KRR. (SAC ¶ 15). The Purported Agent subsequently negotiated the sale of Defendant KRR's product, a used rock crusher, with Plaintiff. (SAC ¶ 16). In urging Plaintiff to sign a purchase order and transfer a required deposit for the used rock crusher, the Purported Agent allegedly made several false representations, including a representation that the used rock crusher was available for sale and fit for use. (SAC ¶¶ 17, 30, 44). The next day, Plaintiff alleges that he entered into a written purchase order agreement with both Defendant KRR and Defendant Kormann for a Rockster R1100 demo unit, believing that the Purported Agent was an agent and salesperson for both Defendants. (SAC ¶¶ 18, 28).

On October 1, 2009, Plaintiff allegedly wire-transferred the $52,200 deposit for the demo unit to the bank account of the Purported Agent's corporation. (SAC ¶ 20). The next day, the Purported Agent informed Plaintiff that the demo unit was not what Plaintiff wanted, that Defendant KRR could not guarantee the demo unit's condition, and that the demo unit was not fit for use. (SAC ¶ 21). The Purported Agent also allegedly told Plaintiff that purchasing the demo unit was not in his best interest and that he should instead purchase a more expensive unit. *Id*.

Around October 16, 2009, Plaintiff sent an email to the Purported Agent requesting a return of his deposit. (SAC ¶ 23). That same day, the Purported Agent forwarded an email to Plaintiff from Defendant KRR written by Defendant Kormann that denied Plaintiff's request and fraudulently stated that a new unordered machine had been assembled and was specially made for the U.S. market. (SAC ¶ 24). Plaintiff claims Defendants misrepresented to Plaintiff that Plaintiff agreed to purchase a new R1100 unit customized for the U.S. market and also claims that Defendants continue to retain possession of Plaintiff's deposit. (SAC ¶¶ 25-26).

### B. Procedural History

Defendants previously filed a motion to dismiss Plaintiff's complaint, which the Court granted in part and denied in part. Mot. Dismiss (Dkt. 19). Plaintiff then filed his First Amended Complaint ("FAC") on October 21, 2011, asserting claims for: (1) intentional misrepresentation; (2) money had and received; and (3) negligent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)            Date: June 8, 2012
                                                                                              Page 3

misrepresentation. First Amended Compl. (Dkt. 21). The Court granted Defendants' second motion to dismiss Plaintiff's claims for intentional representation and negligent representation. Order (Dkt. 33). The Court gave Plaintiff fourteen (14) days leave to amend his complaint to cure deficiencies in his allegations, specifically with respect to whether a principal/agency relationship was present between the Purported Agent and both Defendant Kormann and Defendant KRR. *Id.* at 5. Plaintiff filed his Seconded Amended Complaint ("SAC") on January 30, 2012, asserting the same three claims from his FAC and alleging that Guerchon was an agent and salesperson for Defendant KRR and Defendant Kormann. Second Amended Compl. (Dkt. 37); (SAC ¶¶ 28, 42).

       **C.**      **Newly Alleged Facts Supporting a Theory of Agency**

Plaintiff newly alleges a number of facts in the SAC and argues that they sufficiently establish a principal/agency relationship between the Purported Agent and both Defendants. First, Plaintiff received a magazine that displayed an advertisement for Defendant KRR that also listed the contact information of the Purported Agent's corporation. (SAC ¶ 11). Second, Defendant KRR's website stated it had opened a new branch office called Rockster North America, the Purported Agent's corporation, in order to be closer to its customers. (SAC ¶ 12). Third, the website of the Purported Agent's corporation featured Defendant KRR's logos, used colors and layouts similar to colors and layouts used on Defendant KRR's website, and linked backed to Defendant KRR's website. (SAC ¶ 13). Finally, the website of the Purported Agent's corporation allegedly described itself as Defendant KRR's branch office that was created to be closer to Defendants' customers. The website allegedly states:

> "Rockster North America is the name of the new distribution network. Rockster North America has been created in order to be closer to our final customers and their individual needs, says Wolfgang Kormann, CEO of Rockster Austria, it guarantees not only a direct and competent sales management overseas, but also a quick and smooth after sales with full technical support and spare and wear parts availability. This is all managed by native and competent branch experts on site."

*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)            Date: June 8, 2012
                                                                                                              Page 4

      Furthermore, Plaintiff alleged facts in the FAC that are re-alleged in the SAC. First, in August 2009, Plaintiff contacted individual Defendant Kormann via email to express interest in Defendant KRR's products and was subsequently directed to the Purported Agent and his corporation. (SAC ¶ 14). Additionally, on or about August 2009, Guerchon told Plaintiff that he worked for Defendant KRR out of his house and that he handled Defendants' North American sales. (SAC ¶ 15).[1]

## II.     Legal Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in

---

[1] Defendant argues that facts outside of the pleadings contradict Plaintiff's allegations and the Court should disregard the contradicted allegations. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Defendants argue that a screenshot of the website of Purported Agent's corporation and a copy of Purchase Order 104 contradict Plaintiff's allegations regarding agency and false statements about Plaintiff entering into Purchase Order 104. Def.'s Reply (Dkt. 45). However, the single screenshot of the Purported Agent's corporation's website cannot logically contradict Plaintiff's allegation that certain statements regarding an agency relationship are located *somewhere* on the site. Furthermore, Plaintiff's mailing address and name are included on Purchase Order 104, and so the Court cannot accept the argument that this document directly contradicts Plaintiff's allegations that he was a party to the purchase order. Finally, even if the Court did disregard these allegations, the Court would still come to the same conclusions regarding an agency relationship and Defendants' liability based on Plaintiff's remaining allegations.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1047 DOC (MLG)                                   Date: June 8, 2012
                                                                                             Page 5

---

a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

     A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

     Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

     Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)　　　　　　　　　　　　Date: June 8, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

### III.　Discussion

The Court previously held that the only deficiency in Plaintiff's prior pleadings was a failure to allege a theory of agency and that Plaintiff had adequately pled the remaining elements of his claims for Intentional Misrepresentation and Negligent Misrepresentation. Order (Dkt. 33) at 5. Plaintiff was given the opportunity to amend his complaint in order to adequately plead a theory of agency that would satisfy Rule 12(b)(6) and would permit Defendants to be held liable for the acts of the Purported Agent. Plaintiff has met his burden with regard to Defendant KRR by adequately alleging facts that support a theory of ostensible or apparent agency. However, Plaintiff has failed to establish an agency relationship between the Purported Agent and Defendant Kormann such that Defendant Kormann can be held liable for the representations made by the Purported Agent. Therefore, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

### A.　Plaintiff Sufficiently Alleges Facts Such That Defendant Kormann and Defendant KRR May be Liable for Directly Making Certain Misrepresentations

Regardless of allegations supporting a theory of agency between Defendants and the Purported Agent, Plaintiff has sufficiently alleged facts that plausibly support his claims against both Defendants of Intentional Misrepresentation and Negligent Misrepresentation. Plaintiff alleges that when he asked for his deposit back, Defendant Kormann falsely stated that a new machine made especially for the U.S. market had already been assembled for Plaintiff.[2] (SAC ¶ 24). Plaintiff alleges that Defendants knew that Plaintiff never signed a purchase order for a custom-built new machine. (SAC ¶ 32). The Court previously held that these factual allegations that were also included in the FAC were sufficiently pled to establish Plaintiff's claims of Intentional Misrepresentation and Negligent Misrepresentation against both Defendant Kormann and Defendant KRR. Order (Dkt. 33) at 5. Therefore, regardless of a theory of agency that would allow Defendants to be held liable for the acts of the Purported Agent, Defendants may be held liable for the alleged misrepresentations made in the email written by Defendant Kormann.

---

[2] Defendant Kormann is employed by Defendant KRR as the Chief Operating Officer. Thus, Defendant Kormann is the actual agent of Defendant KRR. *See* Cal. Civ. Code § 2299. Defendant KRR may be held liable for the actions of its CEO, Defendant Kormann, under a theory of actual agency. *See* Cal. Civ. Code § 2330.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)            Date: June 8, 2012
                                                                                                                   Page 7

### B. Plaintiff Adequately Pleads a Theory of Ostensible Agency Such That Defendant KRR May be Held Liable for the Acts of the Purported Agent

"An agency is either actual or ostensible."[3] Cal. Civ. Code § 2298. "An agency is ostensible when the principal intentionally, or by want of care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300. "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof." *Id.* § 2334. "[T]here are three requirements necessary before recovery may be had against a principal for the act of an ostensible agent. The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; such belief must be generated by some act or neglect of the principal sought to be charged; and the third person in relying on the agent's apparent authority must not be guilty of negligence." *Associated Creditors' Agency v. Davis,* 13 Cal.3d 374, 399, 118 Cal.Rptr. 772, 788, 530 P.2d 1084 (1975); *T.H.E. Ins. Co. v. Vasquez*, 21 F. App'x 737, 738 (9th Cir. 2001); Cal. Civ.Code § 2300; Cal. Civ.Code § 2334). An agent's authority may be implied from the circumstances of a particular case and may be proved by circumstantial evidence. *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (applying California law). While the ostensible authority of an agent cannot be based solely upon the agent's conduct, the principal need not make explicit representations regarding the agent's authority to the third party before ostensible authority can be found. *Id.* Ostensible authority may be proven through evidence of the principal's representations to the public in general. *Kaplan v. Coldwell Banker Residential Affiliates, Inc.*, 59 Cal. App. 4th 741, 747-48, 69 Cal. Rptr. 2d 640, 643 (1997)

The facts alleged in the SAC plausibly establish a theory of ostensible agency. Plaintiff's belief that the Purported Agent was Defendant KRR's agent was a reasonable

---

[3] "An agency is actual when the agent is really employed by the principal." Cal. Civ. Code § 2299. The essential elements of an actual agency relationship are: (1) that the agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has the right to control the conduct of the agent with respect to matters entrusted to him. *Buchanan v. Neighbors Van Lines*, CV 10-6206 PSG RCX, 2011 WL 5005769 (C.D. Cal. Oct. 20, 2011). Because the Court holds that Plaintiff has sufficiently alleged a theory of ostensible agency with respect to Defendant KRR and further holds that Plaintiff has failed to sufficiently allege any theory of agency with respect to Defendant Kormann, the Court need not reach the issue of whether or not Plaintiff has adequately pled the elements of an actual agency relationship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)            Date: June 8, 2012
                                                                                                      Page 8

---

one based on Defendant KRR's affirmative actions and representations, as well as those of the Purported Agent.

       In *Kaplan v. Coldwell Banker*, for example, a franchisee's authorized use of the franchisor's name and logo was sufficient to show that the franchisee was the ostensible agency of the franchisor. 59 Cal. App. 4th at 747. Even though the franchise agreement between the two entities required the franchisee to hold himself out to the public as an independently owned and operated member of the franchisor, the court held that the plaintiff's allegations regarding the franchisee's use of the franchisor's name, advertising space and logo, as well as the franchise agreement's authorization of this use, were sufficient to establish an ostensible agency relationship between the two entities. *Id*.

       In *Azimi v. Ford Motor Compnay*, the plaintiff sued a car manufacturer for fraud-related causes of actions after purchasing a vehicle from an independent dealer alleged to be an ostensible agent of the manufacturer. 944 F.Supp. 847 (N.D.Ill. 1996).  The court held that the allegations that the manufacturer's logo was displayed at the purported agent's dealership and that there was a working business relationship between the dealer and manufacturer were sufficiently to plead an ostensible agency relationship. *Id*. *Id*. at 851.

       Just as an ostensible agency relationship existed between the franchisee and franchisor in *Kaplan* and between the distributer and manufacturer in *Azimi*, an ostensible agency relationship plausibly exists between the Purported Agent and Defendant KRR. In those cases, the purported agent's use of names and logos and the existence of a business relationship between the two entities showed made an ostensible agency relationship plausible.  Here, Defendant KRR allegedly permits the use of Defendant KRR's name, logo and advertising space by the Purported Agent's corporation. The existence of a working relationship between the two entities is shown by Defendant KRR's advertisement allegedly listing the contact information of the Purported Agent's corporation and Defendant KRR's website allegedly stating that it had opened a new branch office called Rockster North America, the Purported Agent's corporation, in order to be closer to its customers.

       Defendants cite authority that is inapposite on these points. Defendants rely on *Fundin v. Chicago Pneumatic Tool Co.*, 152 Cal. App. 3d 951, 199 Cal. Rptr. 789 (1984), to argue that there is no agency relationship. In *Fundin*, the court ruled that the purported

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1047 DOC (MLG)                                      Date: June 8, 2012
                                                                                                       Page 9

---

agent's alleged unauthorized use of the defendant's sales brochures was not sufficient to plead an actual agency relationship. *Id*. at 956-57.

     However, Plaintiff's claims can be distinguished in that he relies on a theory of ostensible agency, rather than a theory of actual agency as in *Fundin*. The present case can be further distinguished in that Defendant KRR intentionally authorized the Purported Agent's conduct that caused Plaintiff's beliefs about an agency relationship. Defendant KRR's website allegedly stated that it helped to create the Purported Agent's corporation. (SAC ¶ 29). Furthermore, Defendant KRR allegedly permitted the Purported Agent to begin listing his corporation's contact information on Defendant KRR's advertisements alongside Defendant KRR's logos in June 2009. (SAC ¶ 10). Thus, Defendants' reliance on *Fundin* is misguided.

     Defendants also rely on *Emery v. Vista Int'l Serv. Ass'n*, in which the court held that there was no ostensible agency because "[t]here is no evidence that VISA's Internet Web site, its advertisements, or any other representations contained a single reference to [purported agents] or could construed as an endorsement of the [purported agent]'s ability to represent VISA. 95 Cal. App. 4th 952, 961 (2002). The court reasoned that because VISA had no knowledge of the purported agents' activities and could not be reasonably expected to have such knowledge, the plaintiff had not sufficiently alleged a reasonable belief that VISA held out the purported agents as its agents.

     Plaintiff's claims can be also distinguished from those of the plaintiff in *Emery*. Plaintiff alleges Defendants made explicit references to the Purported Agent, not only to the public through Defendant KRR's website and advertising, but also directly to the Plaintiff by referring him to the Purported Agent. (SAC ¶ 29). Plaintiff alleges that the Purported Agent had contracted with Defendants as a salesperson and so Plaintiff's case can be similarly distinguished from *Emery*. (SAC ¶ 28). These allegations distinguish the present case from *Emery* because, unlike VISA, the allegations claim that Defendant KRR was aware of the Purported Agent's activities and was intentionally part of an ongoing business relationship with the Purported Agent. Courts dealing with similar circumstances present in this case have also chosen to distinguish *Emery* for the same reasons. *See Schulz v. Neovi Data Corp.*, 28 Cal. Rptr. 3d 46, 51 (2005) (distinguishing *Emery* because the plaintiff alleged that the defendant had prior knowledge of purported agent's activities in that it directly contracted with and received payment from the purported agent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)            Date: June 8, 2012
                                                                                            Page 10

---

While it is true that ostensible agency may not be based solely on the conduct of the agent, Plaintiff does not justify his beliefs about the agency relationship exclusively on the representations made by the Purported Agent. Defendants' representations and the totality of the circumstances caused Plaintiff to reasonably believe that there was an agency relationship. Because the SAC alleges that Defendants' conduct and representations gave rise to Plaintiff's reasonable belief that the Purported Agent was acting with Defendants' authority, Plaintiff sufficiently alleges a theory of ostensible authority. Thus, Defendants may be held liable for the representations made by the Purported Agent.

### C. Plaintiff Fails to Adequately Plead an Ostensible Agency Relationship Between the Purported Agent and Defendant Kormann

Plaintiff attempts to hold individual Defendant Kormann liable for the conduct of the Purported Agent yet fails to properly allege a theory of agency. While Plaintiff has sufficiently established an ostensible agency relationship between the Purported Agent and Defendant KRR such that Defendant KRR may be held liable for the conduct of the Purported Agent, this is not sufficient to hold individual Defendant Kormann similarly liable. It is well settled that corporate directors cannot be held vicariously liable for the corporation's torts where the only allegations implicating the directors are that they are the corporation's directors. *See, e.g.*, *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 595; *Frances T. v. Village Green owners Assn.*, 42 Cal.3d 490, 503. A plaintiff must do more than allege that a director is liable for the corporation's torts because of his or her position within the company. *Teledyne Indus., Inc. v. Eon Corp.*, 401 F. Supp. 729, 737 (S.D.N.Y. 1975) *aff'd sub nom. Teledyne Indus., Inc. v. Podell*, 546 F.2d 495 (2d Cir. 1976) (applying California law).

In its prior order, the Court held that Plaintiff's allegations concerning Defendant Kormann's own tortious conduct regarding misrepresentations Defendant Kormann made in his email stated a claim against Defendant Kormann. *See supra* Part III.A. However, Plaintiff has failed to allege facts sufficient to hold Defendant Kormann liable for the conduct of the Purported Agent. Specifically, Defendant Kormann cannot be held liable for the Purported Agents alleged misrepresentations that a used rock crusher was available for purchase and fit for use without additional factual allegations. Plaintiff's only allegations that connect Defendant Kormann to this tortious conduct are that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)            Date: June 8, 2012
           Page 11

Purported Agent is an agent of Defendant KRR and that Defendant Kormann holds the position of CEO within Defendant KRR. Even when taken together, Defendant KRR's liability and his position as CEO are not enough to establish Defendant Kormann's vicarious liability. Plaintiff must do more than allege that Defendant Kormann is CEO of the corporate entity that may liable for the Purported Agent's tortious conduct. Thus, while Plaintiff has alleged facts that allow Defendant Kormann to be held liable for his own tortious conduct including making misrepresentations in an email and not returning Plaintiff's money, Defendant Kormann may not be held liable for the misrepresentations made by the Purported Agent.

       **D. Conclusion**

       The Court previously held that the only deficiency in Plaintiff's prior pleadings was a failure to allege a theory of agency and that Plaintiff had adequately pled the remaining elements of his claims for Intentional Misrepresentation and Negligent Misrepresentation. Order (Dkt. 33) at 5. Plaintiff makes the same allegations in the SAC that the Court relied on in the FAC in previously finding the elements of intentional and negligent misrepresentation were adequately pled: that both Defendants made false representations that Plaintiff had agreed to purchase a new, more expensive rock crusher. *Compare* (FAC ¶¶ 24-26) *with* (SAC ¶¶ 23-24, 32-33, 47-49); *see also* Order (Dkt. 33). Plaintiff has included new facts in the SAC that the Court finds sufficiently alleges a theory of ostensible agency such that Defendant KRR may be held liable for the false statements made by the Purported Agent. However, Plaintiff has failed to allege an agency relationship or other facts that would allow Defendant Kormann to be held liable for the misrepresentations made by the Purported Agent.[4]

**IV.    Disposition**

---

[4] Defendants' argument for dismissing the second claim for money had and received is meritless given Plaintiff's success in pleading an agency relationship between the Purported Agent and Defendant KRR  Even if Plaintiff had completely failed to allege any type of agency relationship, the claim for Money Mad and Received is sufficiently alleged. The elements for a claim for money had and received are: (1) that the defendant received a sum of money from the plaintiff; and (2) that the defendant is not entitled to the money for a great variety of situations, one of them being for making misrepresentations to the plaintiff. *See* 4 Witkin, Cal. Proc. 5th (2008) Plead, § 561, p. 688 (Money Had and Received). Plaintiff meets the first element by alleging both Defendants received Plaintiff's money and refuse to return it. (SAC ¶ 38). Plaintiff meets the second element by alleging Defendants are liable for misrepresentation, allegations that this Order discusses extensively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1047 DOC (MLG)					Date: June 8, 2012
									Page 12

     For the reasons listed above, the court GRANTS IN PART and DENIES IN PART the Motion. With regard only to Defendant Kormann and the first and third claims for Intentional Misrepresentation and Negligent Misrepresentation, the Court GRANTS the Motion to Dismiss the claims as to representations made by the Purported Agent Guerchon, and DENIES the Motion to Dismiss the claims as to representations made by Defendant Kormann.

     The Court DENIES Defendant's Motion to Dismiss Plaintiff's claims against Defendant KRR. Furthermore, the Court DENIES Defendant's Motion to Dismiss Plaintiff's claim for money had and received.

MINUTES FORM 11
CIVIL-GEN								Initials of Deputy Clerk: jcb