O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01047 DOC (MLGx)                        Date: November 15, 2012

Title: <u>RICHARD B. HOLT V. WOLFGANG KORMANN, ET AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>                                <u>    N/A    </u>
Courtroom Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**

Before the Court is a Motion for Attorneys' Fees and Costs filed by Wolfgang Kormann and Kormann Rockster Recycler, GmbH (collectively "Defendants Kormann and KRR"). After reviewing the motions, opposition, and reply, the Court GRANTS IN PART and DENIES IN PART Defendants Kormann and KRR's Motion for Attorneys' Fees and Costs.[1]

**I.   Background**

Both parties and the Court are intimately familiar with the alleged facts of this case after several orders, motions to dismiss, and amended complaints. Thus, a brief summary of the complaint underlying this Motion for Attorneys' Fees and Costs is sufficient.

Plaintiff Richard B. Holt ("Plaintiff") filed a complaint alleging that Stephane Guerchon ("Guerchon"), acting as a purported agent that handled North American sales for Defendant Kormann Rockster Recylcer, GmbH ("KRR"), fraudulently made representations that caused Plaintiff to transfer a deposit sum to Defendants Kormann and

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)            Date: November 5, 2012

Page 2

---

KRR via Geurchon for a product that was not actually for sale. Plaintiff was attempting to purchase a rock crusher priced at over $500,000. Mot. (Dkt. 62) at 16. Plaintiff alleged that he later requested a return of the deposit and Defendant Wolfgang Kormann ("Kormann"), acting as an officer of KRR, denied Plaintiff's request.

## II. Procedural History
### A. Plaintiff's 2009 Lawsuit: Holt I

Prior to Plaintiff's underlying complaint in this action, Plaintiff filed a lawsuit ("*Holt I*") against Guerchon (a Canadian citizen), KRR (an Austrian corporation) and Rockster North America ("RNA") (a Canadian corporation owned by Guerchon) in the Superior Court of Orange County in November 2009. RJN (Dkt. 64) Ex. 1.

Plaintiff attempted to serve Guerchon, KRR, and RNA through the Hague Service Convention by serving Guerchon at his home in Canada, RJN (Dkt. 64) Ex. 15 at 2. In July 2010, Plaintiff obtained a default judgment against KRR after KRR failed to respond to the complaint. RJN (Dkt. 64) Ex. 8. Plaintiff continued to pursue his complaint against Guerchon and RNA. In November 2010, Plaintiff's CLRA claim survived summary judgment. RJN (Dkt. 70) Ex. 3.

In February 2011, KRR filed a motion to quash and set aside the judgment due to improper service. RJN (Dkt. 64) Ex. 9. On March 30, 2011, the Superior Court granted the motion to quash on the grounds that KRR was not properly served. RJN (Dkt. 64) Ex. 2. Plaintiff appealed the decision and on March 28, 2012, the California Court of Appeal affirmed. RJN (Dkt. 64) Ex. 15. The Court of Appeal held that the "default judgment was void on its face because the summons did not comply with [California Code of Civil Procedure Section] 412.30, which requires in an action against a corporation that the summons notify the person being served that he or she is being served on behalf on the identified corporation."*Id*. at 2. The court held that Plaintiff's service on Guerchon "did not provide information and did not impart actual notice that Guerchon was being served on behalf of [KRR]." *Id*. Therefore, the court affirmed the order vacating the default judgment and the motion to quash due to Plaintiff's improper service of KRR. *Id*. at 13.

In April 2012, Plaintiff filed a notice of settlement with Guerchon and RNA. RJN (Dkt. 64) Ex. 3. On April 17, 2012 , the Superior Court issued a minute order scheduling an order to show cause regarding the dismissal of the settled case for June 18, 2012. After

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)            Date: November 5, 2012
                                                                                                                           Page 3

no response, on June 18, 2012 the Superior Court issued a minute order dismissing the entire action without prejudice. RJN (Dkt. 64) Ex. 5.

### B. Plaintiff's Present Lawsuit Before this Court: Holt II

On March 21, 2011, Plaintiff filed a second complaint ("*Holt II*") in the Superior Court of Orange County against KRR and included Kormann. RJN (Dkt. 64) Ex. 11. In July 2011, Defendants Kormann and KRR removed the case to this Court. Notice (Dkt. 1). In this Court, Defendants Kormann and KRR filed a motion to dismiss, which the Court granted in part and denied in part. Mot. (Dkt. 19).

Plaintiff then filed his First Amended Complaint ("FAC") in October 2011. FAC (Dkt. 21). The Court granted Defendants Kormann and KRR's second motion to dismiss and gave Plaintiff leave to amend. Order (Dkt. 33).

Plaintiff filed his Second Amended Complaint ("SAC") in January 2012. SAC (Dkt. 37). On June 12, 2012, the Court then granted in part and denied in part Defendants Kormann and KRR's third motion to dismiss. Order (Dkt. 51).

On June 18, 2012, Plaintiff filed a motion to dismiss voluntarily with prejudice. Mot. (Dkt. 52). The Court granted the motion to dismiss on June 25, 2012. Order (Dkt. 59). Defendants Kormann and KRR then filed the present Motion for Attorneys' Fees and Costs on July 19, 2012. Mot. (Dkt. 62).

### III. Discussion

The Motion for Attorneys' Fees and Costs is based on the following theories: (1) Plaintiff previously dismissed an action against KRR, therefore Plaintiff owes fees and costs for the previous *Holt I* case pursuant to Federal Rules of Civil Procedure 41(d); (2) Plaintiff filed a bad faith CLRA claim in the present case; (3) Plaintiff's counsel acted recklessly or in bad faith and owes fees and costs in the present case pursuant to Section 1927 of Title 28 of the United States Code; and (4) Plaintiff owes costs because Defendants Kormann and KRR are the "prevailing party" pursuant to Federal Rules of Civil Procedure 54(d). This Court considers each in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)            Date: November 5, 2012
                                                                         Page 4

### A. Plaintiff is Required to Pay Defendants' Costs Under Rule 41(d)
#### 1. Legal Standard

Rule 41(d) provides that a court "may order the plaintiff to pay all or part of the costs of [a] previous action" if the plaintiff: (1) is a "plaintiff who previously dismissed an action in any court"; (2) filed a second "action based on or including the same claim" as in the first action; (3) the second action is "against the same defendant" as the first action. Fed. R. Civ. P. 41(d).  It is appropriate for a court to exercise its discretion and award costs where doing so is warranted to prevent prejudice to the defendant. *Esquivel v. Arau*, 913 F.Supp. 1382, 1387 (C.D. Cal. 1996). The purpose of Rule 41(d) is "to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims." *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010); *Hacopian v. United States Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983) (describing the "dangers of harassment and vexatious litigation . . . in cases covered by Rule 41(d)").

#### 2. Discussion

The parties only dispute whether the first and third elements are satisfied, namely whether Plaintiff previously dismissed the first action—*Holt I*—and whether that first action was against the same defendant—KRR—as in the present case.  The Court concludes that the Superior Court's June 18, 2012, minute order in *Holt I* dismissing the entire action without prejudice after receiving a notice of settlement by Plaintiff was a dismissal within the meaning of Rule 41(d). RJN (Dkt. 64) Ex. 5.

Defendants Kormann and KRR contend that Plaintiff "dismissed [*Holt I*] against KRR [and] that [action] was based on and included the same claims against KRR as those subsequently asserted in this action." Mot. (Dkt. 62) at 12. Therefore, Defendants Kormann and KRR argue, Plaintiff should be required to pay KRR's costs incurred in the previously dismissed action pursuant to Rule 41(d). Plaintiff argues that this claim "instantly fails as Plaintiff never dismissed a previous" action against KRR. Opp'n (Dkt. 68) at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)            Date: November 5, 2012
                                                                       Page 5

           **i.**      **The first element of Rule 41(d) is satisfied where, as here, the first action was involuntarily dismissed by the court after receiving Plaintiff's notice of settlement and after Plaintiff failed to respond to an order to show cause why the first action should not be dismissed without prejudice**

Given that the plain language of Rule 41(d) refers to a "plaintiff who previously dismissed," a plaintiff who *voluntarily* dismisses a previous action satisfies the plain language of the first element of Rule 41(d). *See Jurin v. Google Inc.*, 695 F.Supp.2d 1117, 1123 (E.D. Cal. 2010).

In addition, several district courts have also held that *involuntary* dismissal also satisfies Rule 41(d). *See Hilgeford v. Peoples Bank, Portland*, 110 F.R.D. 700, 702 (N.D. Ind. 1986) ("the majority of courts hold that Rule 41(d) applies to cases involving involuntary dismissals (that is, cases which were dismissed by court order and not at the request of the plaintiff) as well"); *Zaegel v. Public Finance Co.*, 79 F.R.D. 58, 59 (E.D. Mo. 1978) ("while the rule generally applies to actions voluntarily dismissed by the plaintiff, there is no bar to the rule being invoked where the dismissal is involuntary"); *World Athletic Sports Corp. v. Pahlavi*, 267 F. Supp. 160 (S.D.N.Y. 1966); *Espinosa v. Marshall*, 2007 U.S. Dist. LEXIS 8684, *9 (E.D. Cal. 2007) (citing *Hacopian v. U.S. Dept. of Labor*, 709 F.2d 1295 (9th Cir. 1983) for the proposition that "[d]efendant's 41(d) motion may apply even where the previous action was not voluntarily dismissed").

This Court is persuaded by the authority applying Rule 41(d) to involuntary dismissals because such a construction is consistent with the purpose of Rule 41(d), which is "to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims." *See Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010). This purpose is served by a plaintiff paying the defendant's costs for the first lawsuit where a plaintiff needlessly duplicates litigation by receiving an involuntary dismissal of the first action and filing a second action for the same claim against the same defendant. To hold that Rule 41(d) applied only where the prior action was *voluntarily* dismissed would have the perverse effect of exempting from Rule 41(d) the most vexatious and harassing of plaintiffs. For example, if Rule 41(d) applied only where the prior action was *voluntarily* dismissed, it would not allow a court to award costs against a plaintiff whose first action was *involuntarily* dismissed and yet, despite

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)  Date: November 5, 2012
Page 6

this clear adjudication of her claim, nonetheless filed a second unmeritorious action against the same defendant.

However, the Court will exercise caution by tailoring its holding to the facts of this case, where the first action—*Holt I*—was dismissed by the Superior Court after Plaintiff filed a notice of settlement and failed to respond to an order to show cause as to why the entire action should not be dismissed without prejudice. This tailored holding is supported by the reasoning of the Ninth Circuit in *Hacopian*, where the Ninth Circuit noted that some involuntary dismissals, such as "a dismissal for failure to prosecute, . . . may result from plaintiff's intentional conduct fully as much as a voluntary dismissal." *See Hacopian v. U.S. Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983). While *Hacopian* did not squarely address whether 41(d) applies if the previous action was involuntarily dismissed, the Ninth Circuit observed that "dangers of harassment and vexatious litigation are not necessarily less significant in cases of involuntary dismissal than in cases covered by Rule 41(d)." *Id.* (holding that "an action based on or including the same claim as a prior involuntarily dismissed action may be dismissed for the nonpayment of costs in the prior action").

Here, as in *Hacopian*, the Superior Court's dismissal in *Holt I* after receiving Plaintiff's notice of settlement and after Plaintiff failed to respond to an Order to Show Cause is akin to "a dismissal for failure to prosecute," and certainly "result[s] from plaintiff's intentional conduct fully as much as a voluntary dismissal." *Id.* Thus, the Court concludes that the reference in Rule 41(d) to a "plaintiff who previously dismissed" the first action includes the dismissal that occurred in *Holt I* because Plaintiff's first action was *involuntarily* dismissed due to Plaintff's intentional conduct after Plaintiff filed notice of settlement and then failed to respond to an order to show cause why the entire action should not be dismissed without prejudice. *See* Fed. R. Civ. P. 41(d).

        **ii.    The third element of Rule 41(d) is satisfied because the dismissal of the first action included Defendant KRR**

When a California court grants a motion to quash due to improper service of summons, the movant remains a party in the case. This is because the procedural posture "after a motion to quash the service of summons has been granted is parallel to the status of an action after a general demurrer to a complaint has been sustained with leave to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)                    Date: November 5, 2012
                                                                                                Page 7

---

amend." *GMS Properties, Inc. v. Superior Court*, 219 Cal.App.2d 407, 410 (1963). "In each of the two instances the case still pends, and the successful argument of the motion to quash or the demurrer is not the terminal stage of the litigation." *Id*. at 411.

The docket of *Holt I* indicates that the Superior Court previously dismiss an action against KRR, thus satisfying the third element of Rule 41(d)—dismissal of a prior case against the same defendant. No party disputes that KRR was initially a party to the *Holt I* lawsuit. After the Superior Court's March 2011 order in *Holt I* granted KRR's motion to quash for lack of proper service, this was "not the terminal stage of the litigation." *Id*. Therefore, KRR remained a party to the *Holt I* lawsuit and the Superior Court's June 2012, dismissal of *Holt I* constituted a dismissal of KRR. Therefore, the third element of Rule 41(d) is satisfied.

### iii.     Plaintiff's remaining arguments are unavailing

Plaintiff makes several additional arguments that are unavailing. First, Plaintiff argues, without authority, that because *Holt II* was filed nearly a year prior to the settlement and dismissal of *Holt I*, 41(d) should not apply. Opp'n (Dkt. 68) at 9. Yet, if Plaintiff's argument was accepted, then any plaintiff could avoid 41(d) simply by filing a new action the day before the first filed action was dismissed. This would run counter to the purpose of Rule 41(d) which is "to prevent undue prejudice to a defendant from unnecessary or vexatious litigation." *Esquivel v. Arau*, 913 F.Supp. 1382, 1391 (C.D.Cal.1996).

Second, Plaintiff argues that the Ninth Circuit does not impose fees and costs as a condition for voluntary dismissal with prejudice. Plaintiff's argument is unavailing. The cases Plaintiff cites, *Change v. Pomeroy*, 2011 WL 618192 (E.D. Cal. 2011) and *Gonzalez v. Proctor & Gamble Co.*, 2008 WL 612746 (S.D. Cal. 2008), both stand for the proposition that payment of costs should not be imposed as a *condition* for voluntary dismissal with prejudice. That is not the situation encountered here, where the Court granted Plaintiff's motion to voluntarily dismiss *Holt II* without any conditions.[2]

---

[2] The parties do not dispute that the attorneys' fees that KRR seeks constitutes an allowable award under Rule 41(d). This Court notes that several recent district court opinions have held that attorneys' fees may be appropriate under 41(d). *See Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (holding that attorney's fees may be appropriate and consistent with the purpose of Rule 41(d)); *Aloha Airlines, Inc. v. Mesa Air Group, Inc.*, 2007 U.S. Dist. LEXIS 97678, *9 (D. Haw. 2007) ("In this case, the Court finds that an award of attorneys' fees to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)          Date: November 5, 2012
         Page 8

### iv. The circumstances of the case warrant an award of costs to prevent prejudice

Plaintiff does not dispute that the *Holt I* and the *Holt II* lawsuits contained the same claims. As detailed above, the *Holt I* dismissal included KRR. Therefore, having satisfied the three elements of Rule 41(d), the court may ask whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant. *Esquivel v. Arau*, 913 F.Supp. 1382, 1387 (C.D.Cal.1996).

Instead of filing duplicative litigation, Plaintiff could have properly served KRR following the Superior Court's granting of KRR's motion to quash and vacate the judgment. Instead, Plaintiff filed a separate lawsuit against KRR and appealed the Superior Court's decision. Plaintiff forced KRR to simultaneously litigate the *Holt I* action on appeal in regards to proper service and the *Holt II* action in regards to his claims' merits.

This Court holds that where, as here, a plaintiff's litigation of two lawsuits forces a defendant to simultaneously defend both on procedural and merits grounds, such duplication of litigation warrants an award of costs to prevent prejudice to the defendant.

### 3. Reasonable Attorneys' Fees

Under Rule 41(d), a court should not award costs associated with past work that will still be useful to defendants in the present litigation. *See Esquivel*, 913 F.Supp. at 1388.

KRR's work in *Holt I* revolved around improper service and vacating a default judgment. In contrast, KRR's work in *Holt II* revolved around the merits of Plaintiff's claims. Therefore, none of KRR's work in *Holt I* would have been useful in *Holt II* and the Court will now turn to calculating a reasonable fee award.

Fee awards are calculated using the "lodestar" method, which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable

---

[d]efendants under Rule 41(d) in this case is consistent with the underlying purposes of the rule"); *see also Garcia v. Fed. Home Loan Mortg. Corp.*, 2012 U.S. Dist. LEXIS 122436 (E.D. Cal. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)　　　　　　　　　　Date: November 5, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9

---

hourly rate. *See Purdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal citations omitted). There is a "strong" presumption that the lodestar method results in a reasonable fee. *Id.* at 1673.

### i.    Rates

Plaintiff requests fees in the amount of $400/hour for lead counsel John Walton; $300/hour for associate counsel Shen Li Khong; $225/hour for associate counsel Nikkia Ma; $125/hour for paralegal Kathy Patterson; and $75/hour for clerk Christine Inclan.

The Ninth Circuit has affirmed an award of attorneys' fees at a rate of $500 per hour where the party had submitted a declaration describing her experience and attached copies of fee awards in the same geographical area where counsel had comparable experience. *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009). Typically, the submission of such documents would satisfy the court.

Defendants Kormann and KRR have provided a declaration describing all *Holt I* counsel's experience. Decl. (Dkt. 63) at ¶¶ 18-22. Defendants Kormann and KRR also provided a declaration that the fees of similar peers in Los Angeles firms charge between $750 and $900 per hour. Therefore, this Court finds the fee rates reasonable.

### ii.    Hours

Courts "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Typically, "[a]n attorney's sworn testimony that, in fact, [he] took the time claimed . . . is evidence of considerable weight on the issue of the time required." *Blackwell v. Foley*, 724 F.Supp.2d 1068, 1081 (N.D. Cal. 2010).

Defendants Kormman and KRR have provided detailed invoices regarding attorneys' fees for the *Holt I* lawsuit. Decl. (Dkt. 63) Ex. M. The invoices provide descriptions of how time was spent by each attorney for each billing period. Due to the deference given and the detailed information, this Court finds that KRR's counsels' hours seem reasonable. Counsel's declaration states that KRR incurred $78,581.94 in legal fees defending *Holt I*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)            Date: November 5, 2012
                                                                                                      Page 10

---

Accordingly, the Court GRANTS KRR's motion to the extent that it seeks costs under Rule 41(d). The Court ORDERS Plaintiff to pay KRR the legal fees incurred by KRR in defending *Holt I* in the amount of $78,581.94.

### B. Defendants Fail to Show Plaintiff Acted In Bad Faith When Filing Their CLRA Claim
#### 1. Legal Standard

"Reasonable attorney's fees may be awarded to a prevailing defendant upon finding by the court that the plaintiff's prosecution of the action was not in good faith." Cal. Civ. Code § 1780(e)**.** "[T]his statutory provision requires the trial court to find that the plaintiff proceeded in subjective bad faith before it may award fees to a prevailing defendant." *Shisler v. Sanfer Sports Cars, Inc.*, 167 Cal.App.4th 1, 9 (2008). The moving party, here Defendants Kormann and KRR, have the burden of proof. *Corbett v. Hayward Dodge, Inc.*, 119 Cal.App.4th 915, 926 (2004).

"When a tactic or action utterly lacks merit, a court is entitled to infer the party knew it lacked merit yet pursued the action for some ulterior motive." *Corbett v. Hayward Dodge, Inc.*, 119 Cal.App.4th 915, 926 (2004) citing *Summers v. City of Cathedral City*, 225 Cal.App.3d 1047, 1073 (1990). However, it is within a court's discretion not to draw that inference if convinced the party was acting in the good faith belief the action was meritorious. *Id.*

#### 2. Discussion

Defendants Kormann and KRR, as the moving party for fees, carry the burden of proof and must show that the Plaintiff acted in subjective bad faith. Defendants Kormann and KRR fail to carry this burden.

First, Defendants Kormann and KRR argue that Plaintiff's CLRA claim was "absurd" because Plaintiff alleged that a "$500,000 rock crusher was somehow a 'consumer good' purchased for home use." Mot. (Dkt. 62) at 16. To further support this, Defendants argue that this Court agreed in an earlier Order stating that "[i]t is difficult to imagine how a large concrete crushing machine used for recycling broken concrete could be considered a purchase or lease for use primarily for person, family, or household

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)            Date: November 5, 2012
                                                                       Page 11

purposes." Response (Dkt. 56) at 9. The language Defendants Kormann and KRR quote was not referring to Plaintiff's CLRA claim, but to Plaintiff's breach of implied warranty claim and thus was dicta.

      To refute Defendants Kormann and KRR's argument, Plaintiff's point to the fact that their CLRA claim had previously survived summary judgment in the state court with that court holding that "there are triable issues of fact as to . . . whether the Demo crusher unit was to be for personal/family use or for commercial use of similar matters." RJN (Dkt. 70) Ex. 3 at 6-7. This ruling was received in November 2010, prior to Plaintiff filing their *Holt II* CLRA claim. Thus, because Plaintiff's CLRA claim previously survived summary judgment this Court is convinced that the Plaintiff was acting in the good faith belief that their CLRA action was meritorious. Therefore, Defendants have failed to show that Plaintiff acted in subjective bad faith.

      Second, Defendants Kormann and KRR contend that Plaintiff's decision to not reassert the CLRA claim after this Court dismissed the claim with leave to amend is evidence of the claim's lack of merit. Yet, the Court dismissed the CLRA claim not on the "consumer goods" grounds that Defendants now invoke, but on failure to comply with CLRA filing requirements. Plaintiff's failure to reassert their CLRA claim was not due to the claim's lack of merit, but due to Plaintiff's failure to satisfy the procedural requirements of bringing a CLRA claim indicating that Plaintiff's failure to reassert their claim is not evidence of bad faith. Thus, Defendants have failed to show that Plaintiff acted in subjective bad faith.

      Finally, Defendants Kormann and KRR argue that Plaintiff's counsel had already been informed of this defect based on a demurrer in state court. Yet the Defendants Kormann and KRR do not cite to any document and the only demurrer attached is the April 21, 2011, demurrer which was in response to Plaintiff's March 21, 2011, complaint. Defendants Kormann and KRR have not shown that Plaintiff's counsel had notice of a defect in the claim given that the purported notice of the defective claim was filed *after* *Holt II* was filed. Thus, because Defendants have failed to show that Plaintiff had notice of the defect before filing their *Holt II* complaint, their argument fails to show that Plaintiff acted in bad faith.

      However weak the CLRA claim may be, "it is within a court's discretion not to draw the inference if convinced the party was acting in the good faith belief the action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)                      Date: November 5, 2012
                                                                                           Page 12

was meritorious." *Corbett, supra* 119 Cal.App.4th at 926. Considering these arguments, Defendants Kormann and KRR fail to carry their burden and establish that Plaintiff's CLRA claim was filed in bad faith. *See Kleffman v. Vonage Holdings Corp.*, 387 Fed.Appx. 696 (9th Cir. 2010) (defendant failed to establish plaintiff's subjective bad faith when filing a CLRA claim, even though plaintiff was not a "consumer" and only a "consumer" may bring CLRA claims); *see also Corbett v. Hayward Dodge Inc.,* 119 Cal.App.4th 915, 929 (2004) (although plaintiff's CLRA claims were based on "weak evidence," defendant failed to establish plaintiff acted in bad faith).

Because Defendants Kormann and KRR have failed to establish that Plaintiff brought the CLRA claim in bad faith, the Court DENIES Defendants' Motion for Attorneys' Fees and Costs to the extent it is based on Section 1780(e).

### C. Plaintiff's Counsel Is Not Liable for Fees or Costs Under Section 1927
#### 1. Legal Standard

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

"The district court's authority to sanction attorneys under § 1927 and its inherent disciplinary power must be exercised with restraint and discretion." *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010). "The imposition of sanctions under § 1927 requires a finding of bad faith." *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

"We assess an attorney's bad faith under a subjective standard." *Id.* "Knowing or reckless conduct meet[s] this standard." *Id.* "The bad faith requirement sets a high threshold." *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Management Co., Securities Litigation,* 78 F.3d 431, 436 (9th Cir. 1996).

Numerous frivolous claims, along with a single non-frivolous claim, are insufficient evidence of bad faith. *See Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)					Date: November 5, 2012
										Page 13

1041 (E.D. Cal. 2004) (plaintiff's use of a form complaint to assert numerous frivolous claims and a single non-frivolous claim was not enough to show bad faith).

In contrast, the repeated filing of materially identical complaints despite an adverse judgment is evidence of bad faith. *Wages v. Internal Revenue Service*, 915 F2d 1230, 1235 (9th Cir. 1990) (bad faith evidenced by plaintiff "attempting to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim, and by continually moving for alterations in the district court's original judgment despite that court's clear unwillingness to change its mind").

### 2. Discussion

Defendants Kormann and KRR argue that Plaintiff filed "two baseless lawsuits at the same time against the same defendant" and "multiplied proceedings by repeatedly asserting legally baseless claims." Mot. (Dkt. 62) at 20. This Court disagrees.

Plaintiff's actions in this case did not rise to the level of bad faith. Several of Plaintiff's claims had merit as seen in each complaint surviving motions to dismiss in this Court and summary judgment in the superior court. Also, Plaintiff did not repeatedly file identical complaints, but adequately amended their complaints each time. In addition, Plaintiff's decision to immediately voluntarily dismiss *Holt II* following their settlement in *Holt I* seems to indicate that Plaintiff was not acting in bad faith, but rather was pursuing a meritorious action against all the parties he believed to be involved.

Defendants Kormann and KRR also argue that Plaintiff's counsel stated that he had "no legal basis or justification for pursuing" this action. Decl. (Dkt. 63) at ¶ 2. Plaintiff's counsel declares that he never made the alleged statement. Decl. (Dkt. 69) at ¶¶ 4,5.

The disputed statement is immaterial to this analysis. Regardless of whether Plaintiff's counsel made the statement or not, the facts and procedural history of this case indicate that Plaintiff's counsel's actions did not rise to the level of recklessness or bad faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)  Date: November 5, 2012
Page 14

---

The high threshold for bad faith, the restraint and discretion district court's should apply to sanctions, and Plaintiff's counsel's action in this case lead this Court to DENY Defendants' Motion to the extent it seeks fees and costs pursuant to Section 1927.

### D. Defendants are Entitled to Costs Under FRCP 54(d)
#### 1. Legal Standard

"Fed. R. Civ. P. 54(d)(1) provides that 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'" *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999). "Thus, Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Id*.

"In the Ninth Circuit, a voluntary dismissal with prejudice [is] 'sufficient to confer prevailing party status on the . . . defendants for those claims.'" *International Marble and Granite of Colo., Inc. v. Congress Financial Corp.*, 465 F.Supp.2d 993, 998 (C.D. Cal. 2006), *abrogated on other grounds by Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572 (9th Cir. 2000). "[B]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case . . . is clearly the prevailing party on the dismissed claims." *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) (defendants found to be prevailing party when plaintiff voluntary dismissed with prejudice).

#### 2. Discussion

In addition to costs incurred by Defendant KRR in *Holt I*, Defendants KRR and Korman requests their taxable costs incurred in *Holt II* in the amount of $1,940.69 pursuant to Rule 54(d)(1). Notice (Dkt. 61). Defendants Kormann and KRR argue that they are the prevailing party in *Holt II* and therefore should be awarded costs. Plaintiff contends that the payment of fees should not be imposed when there is a voluntary dismissal granted with prejudice.

As discussed above, Plaintiff's argument is unavailing. The cases Plaintiff cites, *Change v. Pomeroy*, 2011 WL 618192 (E.D. Cal. 2011) and *Gonzalez v. Proctor & Gamble Co.*, 2008 WL 612746 (S.D. Cal. 2008), both stand for the proposition that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01047 DOC (MLGx)           Date: November 5, 2012
Page 15

payment of costs should not be imposed as a *condition* for voluntary dismissal with prejudice. That is not the situation encountered here. Defendants are the "prevailing party" and Plaintiff has failed to demonstrate why costs should not be awarded. Therefore, the Court GRANTS Defendants' Motion to the extent it seeks *Holt II* costs and under Rule 54(d). The Court ORDERS Plaintiff to pay Defendants taxable costs in the amount of $1,940.69.

## IV. Disposition

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to the extent it seeks costs under Rule 41(d). The Court ORDERS Plaintiff to pay to KRR the legal fees incurred by KRR in defending *Holt I* in the amount of $78,581.94.

The Court also GRANTS Defendants Kormann and KRR's Motion to the extent it seeks costs under Rule 54(d). The Court ORDERS Plaintiff to pay KRR and Kormann costs incurred by them in defending *Holt II* in the amount of $1,940.69. Plaintiff shall pay all sums by December 15, 2012.

The Court DENIES the Motion to the extent it seeks monies under California Civil Code 1780(e) or Section 1927 of Title 28 of the United States Code.

The Court notes that KRR appears to also be pursing costs in *Holt I*. See *Holt I*, 30-2009-00323416-CU-BC-CJC (Dkt. 189). To avoid duplicative awards, the Court ORDERS KRR to file this opinion with the Superior Court of Orange County in *Holt I* within 7 days of this opinion being issued.

MINUTES FORM 11
CIVIL-GEN                                                          Initials of Deputy Clerk: jcb